IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 



ON APPELLANTS' MOTION FOR REHEARING


 




NO. 3-92-603-CR




DANIEL KELLER,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE


 




NO. 3-92-604-CR




FRANCES KELLER,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NOS. 924217 & 924220, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING


 



PER CURIAM


 In their motion for rehearing, appellants complain that we incorrectly held that they
failed to preserve their fifth point of error for review. By that point, appellants urged that David
Perry's out-of-court statement was inadmissible under Rule 803(24) as a statement against penal
interest because it was not sufficiently corroborated. Tex. R. Crim. Evid. 803(24). Appellants
argue that because it was obvious to all parties that the State was offering the statement under Rule
803(24), "[t]he nature of the problem was clear enough" and "nothing further was necessary to
preserve the objection that the State failed to introduce sufficient corroboration."

 Appellants rely on the opinion in Cofield v. State, No. 1089-93 (Tex. Crim. App.
Oct. 26, 1994), which was announced on the same day as our original opinion in this cause. 
Cofield also involved the admissibility of an alleged statement against penal interest. At trial, the
defendant objected to the admission of the statement "on grounds of hearsay." The State urged
that this "plain vanilla hearsay objection" was not sufficient to preserve the defendant's contention
on appeal that the statement was not adequately corroborated. The Court of Criminal Appeals
disagreed.


Identifying challenged evidence as hearsay should generally be regarded as a
sufficiently specific objection. Lankston v. State, 827 S.W.2d 907, 910 (Tex.
Crim. App. 1992). When appellant made his hearsay objection, the State
responded that "[i]t's well-known the rules of exception against penal interest if she
made this statement." The trial court then overruled the objection. Based upon
the objection and the State's response thereto, it is obvious that the trial court and
the parties were well aware that the evidence was being proffered as an exception
to the hearsay rule as a statement against the passenger's penal interest. Thus the
trial court was called upon to determine whether that exception applied. Since
appellant preserved error by raising an objection to the hearsay, the burden then
became the State's to show that the evidence was admissible pursuant to some
exception to the hearsay rule. Long v. State, 800 S.W.2d 545, 548 (Tex. Crim.
App. 1990).



Cofield, ___ S.W.2d at ___.

 Cofield, Lankston, and Long stand for the general rule that a hearsay objection is
usually sufficient to preserve for review the contention that an out-of-court statement was
erroneously introduced to prove the truth of the matter stated. This general rule does not apply
in the causes before us, because appellants did not object to the admission of Perry's statement
on hearsay grounds. In fact, appellants' contention that their fifth point of error was preserved
is not based on any objection they voiced at trial. Instead, appellants rely on the State's reference
to Rule 803(24) in response to appellants' objection that Perry's statement was not admissible as
impeachment. Appellants would have us go beyond Cofield and review their contention that
Perry's statement was not admissible as a statement against penal interest even though they never
objected that the statement was hearsay in the first place. 

 In Lankston, the Court of Criminal Appeals wrote:


 The standards of procedural default . . . are not to be implemented by
splitting hairs in the appellate courts. As regards specificity, all a party has to do
to avoid the forfeiture of a complaint on appeal is to let the trial judge know what
he wants, why he thinks himself entitled to it, and to do so clearly enough for the
judge to understand him at a time when the trial court is in a proper position to do
something about it. Of course, when it seems from context that a party failed
effectively to communicate his desire, then reviewing courts should not hesitate to
hold that appellate complaints arising from the event have been lost.



827 S.W.2d at 909. We quoted extensively from the record to show both the objections that were
made to the admission of Perry's statement and the context in which the objections were made. 
See Tex. R. Crim. Evid. 103(a)(1). We are satisfied that under any fair and reasonable reading
of the record, appellants failed to communicate to the district court the contention that Perry's
statement was not admissible as a statement against his penal interest because it was inadequately
corroborated. 

 Appellants' motion for rehearing is overruled.



Before Justices Powers, Aboussie and B. A. Smith

Appellants' Motion for Rehearing Overruled

Filed: December 21, 1994

Do Not Publish